**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **MAHANT HOSPITALITY L L C** | **CASE NO.  6:21-CV-04322** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **INDEPENDENT SPECIALTY INSURANCE CO INC** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is "Plaintiff's Motion for Rule 11 Sanctions" (Doc. 33) wherein Plaintiff, Mahant Hospitality, LLC moves to impose Rule 11 sanctions on Defendant, Independent Specialty Insurance Company ("ISIC").  Plaintiff, through counsel, maintains that ISIC filed a Motion to Compel Arbitration that was not in good faith.

## INTRODUCTION

The instant lawsuit involves the Day's Inn located in Lafayette, Louisiana that was allegedly damaged due to Hurricane Delta that made landfall near Lake Charles, Louisiana on October 9, 2020.  During the relevant time period, ISIC insured the property. After making a claim for its damages, ISIC inspected the property on October 14, 2020. Plaintiff complains that ISIC failed to properly assess its damages, and that the payments it made were untimely. Plaintiff maintains the ISIC was in bad faith for its improper handling of the claims and seeks contract damages as well as penalties and attorney fees pursuant to Louisiana Revised Statutes § § 22:1892 and 22:1973.

## LAW AND ANALYSIS

Plaintiff argues that ISIC should be sanctioned for filing a frivolous Motion to Compel Arbitration considering this Court's previous rulings that have denied same. Plaintiff complains that ISIC failed to mention these rulings in its Memorandum supporting the Motion to Compel arbitration, nor did it attempt to distinguish those cases or provide an argument for this Court to overrule its prior decisions. Thus, Plaintiff maintains that ISIC had absolutely no legal support to file its Motion to Compel Arbitration.

In its opposition, ISIC re-argues is position as to why the Motion to Compel Arbitration should have been granted.  Additionally, ISIC relies on a recent Eastern District of Louisiana case wherein the Honorable Ivan Lemelle granted ISIC's Motion to Compel Arbitration and argues that it was justified in filing the Instant Motion to Compel Arbitration. See *Ramsey, et al v. Independent Specialty Insurance Company, et al*, Civil Action No. 23-0632 (E.D. La. 08/08/2023)[1]

Federal Rule of Civil Procedure 11 "places three duties on counsel: (1) counsel must make a reasonable investigation into the factual basis of any pleading, motion, or other paper; (2) counsel must make a reasonable inquiry into the law; and (3) counsel must not sign a pleading, motion, or other paper intended to delay proceedings, harass another party, or increase the costs of litigation." *St. Amant v. Bernard,* 859 F.2d 379, 382 (5th Cir.1988). All of the above obligations are independent duties of the signing attorney, so Rule 11 is

---

[1] Doc. 37-1.

violated if any one of them is breached. *Thomas v. Capital Sec. Services, Inc.,* 812 F.2d 984, 988 (5th Cir.1987), *aff'd on reh'g,* 836 F.2d 866 (5th Cir.1988) (en banc).

While the Court respectfully disagrees with Judge Lemelle's recent decision, the Court does not find that sanctions are warranted here. Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion for Rule 11 Sanctions (Doc. 33) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 18th day of September, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT**